IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carolyn G. Burton, | C/A No. 3:11-cv-00009-JFA |
| Plaintiff, | |
| vs. | |
| South Carolina Department of Transportation, | **ORDER** |
| Defendant. | |

Plaintiff Carolyn G. Burton brings this action against Defendant South Carolina Department of Transportation (SCDOT) asserting claims for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. This matter is before the court on SCDOT's motion for summary judgment on both of Burton's claims. *See* ECF No. 24. The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she recommends that this court grant SCDOT's motion. The Report and Recommendation sets forth the relevant facts and standards of law in this matter, and the court incorporates such without a recitation. Burton has filed Objections to the Report, to which SCDOT replied, and thus this matter is ripe for review.

In general, the basis for Burton's claims under Title VII is SCDOT's alleged discriminatory or retaliatory failure to promote her into the Mass Transit Department. As the Magistrate Judge explained, Burton may establish a *prima facie* case of failure to promote by showing that (1) she is a member of a protected class; (2) her employer had an open position for

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

which she applied or sought to apply; (3) she was qualified for the position; and (4) she was rejected under circumstances giving rise to an inference of unlawful discrimination. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 960 (4th Cir. 1996). If Burton establishes her *prima facie* case, the burden shifts to SCDOT to produce evidence of a legitimate, nondiscriminatory reason for the adverse action. *Merritt v. Old Dominion Freight*, 601 F.3d 289, 294 (4th Cir. 2010); *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Finally, if SCDOT demonstrates a legitimate, nondiscriminatory reason, Burton must then demonstrate by a preponderance of the evidence that the proffered reason was merely a pretext for discrimination. *Merritt*, 601 F.3d at 294 (citation omitted).

A primary issue in this case is whether Burton can establish a *prima facie* case of discriminatory or retaliatory failure to promote. In particular, SCDOT argues that Burton cannot show the second of the four elements recited above—i.e., that SCDOT had an open position for which Burton could apply. According to the 2010 EEOC Charge on which the instant lawsuit is based, the position at issue is the Program Manager II position in the Mass Transit Department. In her Charge, Burton alleges that SCDOT denied Burton, an African American, the opportunity to apply for the Program Manager II position and instead filled it with Terecia Wilson, a Caucasian. However, in her response to SCDOT's motion for summary judgment, Burton argues that this position was merely one of several open positions in the Mass Transit Department to which SCDOT did not promote Burton.

In the Report and Recommendation, the Magistrate Judge first found that Burton cannot assert any claims based on denials of promotions or transfers into the Mass Transit Department other than those included in her 2010 EEOC Charge. ECF No. 32, at 6. In other words, Burton can only rely on her claims that she was not promoted into the Program Manager II position, and

her claims related to other allegedly open positions are not properly before the court. *Id.* This conclusion was based on several procedural rules governing Title VII claims, including the statutory requirement that a plaintiff must exhaust all administrative remedies before filing suit; the rule that the plaintiff's Complaint cannot encompass allegations outside the scope of the predicate EEOC Charge; and the rule that discriminatory and retaliatory acts are not actionable if they are time-barred, even when they relate to acts alleged in other timely-filed Charges. *See id.* at 3–6.

Burton's first objection relates to this finding. She acknowledges that "this Court may not rule on . . . claims of discrimination outside of the Program Manager II position," but she argues that the court may still consider previous denials of promotion for which she did not pursue a claim of discrimination as evidence in addressing the discrimination claim currently before this court. *See* ECF No. 37, at 2–3. For example, Burton points to the United States Supreme Court's opinion in *United Airlines, Inc. v. Evans*, 431 U.S. 553 (1977), where in dicta the Court noted that although allegedly discriminatory acts which are not made the basis for a timely EEOC charge are "the legal equivalent of . . . discriminatory act[s] which occurred before the statute was passed," they "may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue." *Id.* at 558. To the extent the Report and Recommendation found that the court cannot *consider* other alleged failures to promote Burton in addressing Burton's instant claim (although it is not clear it did so), the court agrees with Burton that this is incorrect. Thus, where relevant, this court will consider the other instances of SCDOT's alleged failure to promote Burton in evaluating her current claim.

Burton's second objection is that the Magistrate Judge erred in finding that she could not establish a *prima facie* case of discriminatory or retaliatory failure to promote. Again focusing

on the second element, the Magistrate Judge found that the Program Manager II position was never "open." According to the Magistrate Judge, "the unrefuted evidence is that the Program Manager II position was transferred from the Traffic Engineering Department along with [Terecia] Wilson." ECF No. 32, at 8. Burton initially notes that she alleged in her Complaint that the Program Manager II position became available as early as November 2009. Also, Burton argues that because SCDOT gave this position to Terecia Wilson, "it necessitates that the position was indeed open." ECF No. 37, at 4.

Even if the position Burton sought was open, the Magistrate Judge cited *Woodard v. Lehman*, 717 F.2d 909 (4th Cir. 1983), for the proposition that "the lateral transfer of an employee in accordance with company policy to fill a vacant position in another area refutes a plaintiff's claim that there was an open position for which she could apply, defeating the *prima facie* case." ECF No. 32, at 7. Burton attempts to distinguish *Woodard*, arguing that although SCDOT transferred Wilson from her previous position in Traffic Engineering, it was not really a "lateral" transfer because Wilson had to assume duties with which she was not familiar. Burton further contends that SCDOT has not identified any employment policy supporting the lateral transfer in Wilson's case.

This objection is without merit. As the Magistrate Judge explained, the evidence in this case shows that there was no open Program Manager II position in the Mass Transit Department because the SCDOT transferred this position, which Terecia Wilson held in the Traffic Engineering Department, to the Mass Transit Department along with Wilson herself. Burton's contrary allegation in her Complaint does not change this fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) (noting that Rule 56 provides that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his

pleading"). Moreover, a transfer of both a position and the employee to fill the position from one department to another is at least arguably different than an already-established or newly-created position in a particular department becoming or being vacant. For a position to have been "open," it must have been one "for which the employer was seeking applicants," which was not the case here. *See McDonnell Douglas Corp.*, 411 U.S. at 802. Because the court agrees that the Program Manager II position was never open, it is not necessary to consider Burton's arguments distinguishing *Woodard*.

Finally, the Magistrate Judge found that, even assuming that Burton could make out her *prima facie* case of failure to promote, the SCDOT's proffered reason for failing to promote Burton—i.e., that it transferred Wilson and the Program Manager II position from Traffic Engineering to Mass Transit in order to settle Wilson's own EEOC Charge and thus had no position in Mass Transit into which it could have promoted Burton—was a legitimate, nondiscriminatory reason. ECF No. 32, at 9. In particular, the Magistrate Judge cited to cases from other circuits recognizing that a good faith settlement of another employee's pending discrimination claim can be a reasonable reason for a particular employment decision. *See Marcantel v. State of La., Dep't of Transp. & Dev.*, 37 F.3d 197, 202 (5th Cir. 1994); *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 624 (10th Cir. 1987); *see also Boston Police Superior Officers Fed'n v. City of Boston*, 147 F.3d 13, 23 (1st Cir. 1998). The Magistrate Judge also found that any claim based on assertions that SCDOT should have promoted Burton into other available positions in the Mass Transit Department over the years are outside the scope of Burton's Complaint and 2010 EEOC Charge.

Burton's third objection is that the Magistrate Judge erred in finding that Burton failed to demonstrate that SCDOT's proffered reason for its employment decision was merely a pretext

5

for discrimination or retaliation.  In this regard, Burton argues that, "[i]n resolving one employee's discrimination claim, an employer cannot discriminate against another employee." ECF No. 37, at 7.  Though she cites no authority for that broad proposition, she contends that she had experience equal to or greater than Wilson's in performing the duties required of a Program Manager II in Mass Transit.  According to Burton, then, SCDOT must have discriminated or retaliated against her by giving this position to Wilson.

The court agrees with the Magistrate Judge that SCDOT resolving Wilson's pending charge of discrimination was a legitimate, nondiscriminatory reason for the SCDOT to act as it did.  Thus, Burton must show that this reason is merely a pretext.  Based on the discussion above with respect to Burton's first objection, the court has considered Burton's allegations of failures to promote her to other positions in determining whether she has shown SCDOT's proffered reason for its decision regarding the Program Manager II position to be pretextual.  Nevertheless, even considering this evidence and the evidence of her qualifications for the Program Manager II position, Burton has not shown evidence on which a reasonable jury could find that the employment decision at issue in this case—i.e., the transfer of Wilson to the Mass Transit Department instead of Burton—was *because of* Burton's race or *because* she previously filed an EEOC Charge in 2008.  *See Holder v. City of Raleigh*, 867 F.2d 823, 827–28 (4th Cir. 1989).  Absent other evidence that SCDOT did not act in good faith when it settled Wilson's EEOC Charge by transferring Wilson to Mass Transit, Burton cannot show that the SCDOT's decision was pretextual.  Accordingly, even if Burton could present a *prima facie* case of failure to promote, the court finds her third objection to be unavailing.

Based on the foregoing, the court agrees with the Magistrate Judge that SCDOT is entitled to summary judgment on both of Burton's claims.

CONCLUSION

After a careful review of the record, the applicable law, the Report and Recommendation, and the Objections thereto, the court finds the Magistrate Judge's recommendation to be proper. Therefore, SCDOT's motion is hereby granted, and this case is dismissed with prejudice.

IT IS SO ORDERED.

March 26, 2013                        Joseph F. Anderson, Jr.
Columbia, South Carolina          United States District Judge